IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Cr. No. 3:13-291-CMC |
|---|---|
| v. | |
| Jose Angel Rosas-Guillen, | **Opinion and Order** |
| Defendant. | |

Defendant, proceeding *pro se*, filed a "motion to request *de novo* hearing pursuant to Federal Rule 802," challenging his base offense level which he asserts was improperly increased based on a hearsay statement from a co-conspirator. ECF No. 127. Upon review of this motion, the district court informed Defendant of its intent to construe his motion as one under 28 U.S.C. § 2255. ECF No. 128. Defendant was provided the choice whether to withdraw his motion or amend it to include all grounds for relief he wished to pursue under § 2255. *Id.* After some confusion regarding the need for certification by the Court of Appeals[1], Defendant filed a *pro se* motion to vacate under § 2255 by the deadline provided by the court. ECF No. 140. The Government filed a response in opposition and a motion for summary judgment. ECF No. 143, 144. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. ECF No. 145. Defendant filed his response in opposition to the Government's motion for summary judgment. ECF No. 147.

---

[1] *See* ECF Nos. 130, 131, 132.

Defendant argues his counsel was ineffective for failing to inform him, as a person "of Mexican descent," of his right to consular assistance under the Vienna Convention. ECF No. 140 at 2-4. Defendant also contends his inability to understand English was an "impasse" to him defending his case; he does not remember being read his *Miranda* rights and dismissed one interpreter who he believed was pressuring him to cooperate with the Government. *Id.* at 4-7.[2]

The Government argues Defendant's motion is untimely because it was filed nearly four years after his judgment became final in November 2013. ECF No. 143. In response, Defendant contends he diligently pursued his rights to the best of his ability and the grounds in his §2255 motion are "well within the scope of the laws of the United States of America." ECF No. 147.

Defendant's motion is untimely. A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As noted by the Government, Defendant did not bring his § 2255 motion within a year of the judgment of conviction becoming final: the Judgment was entered on the record on November 7, 2013, and Defendant did not appeal. Defendant alleges no facts showing

---

[2] Defendant did not reassert his claim regarding hearsay in his § 2255 motion filing. However, that claim would also fail for the same reasons.

2

(f)(2) or (3) applies. He mentions due diligence, and could be attempting to fit his claim under (f)(4); however, the facts of his claims do not support application of (f)(4). His claims are for ineffective assistance of counsel and difficulties with the interpreters, both of which were known to Defendant at the time of his conviction and sentencing. Therefore, (f)(4) does not apply, and Defendant's § 2255 motion is untimely. Accordingly, the Government's motion for summary judgment is granted, and Defendant's § 2255 motion is hereby **dismissed**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina
October 13, 2017