IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 3:13-291-CMC |
| vs. | **OPINION AND ORDER** |
| Jose Angel Rosas-Guillen, Defendant. | |

This case comes before the court on Defendant's *pro se* Motion to Reduce Sentence Under First Step Act of 2018. ECF No. 155. The United States Probation Office filed a Sentence Reduction Report ("SRR") indicating Defendant does not qualify for relief under the Act. ECF No. 156. The Government filed a response in opposition to Defendant's motion. ECF No. 159. Thereafter, the court entered a Text Order notifying Defendant of his deadline for filing any further argument (ECF No. 160), and Defendant filed a *pro se* motion to amend/correct sentence under Rule 52(b).[1] (ECF No. 162).

The court has reviewed the above filings as well as the Indictment (ECF No. 30), Plea Agreement (ECF No. 54), and PreSentence Report ("PSR") (ECF No. 156-1), and concludes that Defendant is not eligible for relief under the First Step Act.

Defendant was charged with one count of possession with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A). ECF No. 30. Defendant thereafter entered into a Plea Agreement to plead guilty. ECF No. 54. The court accepted his guilty plea on

---

[1] This filing does not appear to be a direct response to the court's order, as it does not address the First Step Act. However, the court will address this motion below.

July 9, 2013. ECF No. 59. The PSR noted Defendant and his co-defendant were found to have 18.47 kilograms of methamphetamine in a vehicle during a traffic stop.

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of <u>cocaine base</u> required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B). *See* Pub. L. No. 111-220, 124 Stat. 2372 (emphasis added). The First Step Act of 2018 applied these provisions of the Fair Sentencing Act retroactively. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed." *Id.* Consideration for a reduction in sentence is not available under the First Step Act "if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *Id.* at §404(b).

The court will deny Defendant's motion. The record reflects Defendant agreed to plead guilty and did plead guilty to possession with intent to distribute methamphetamine. There is no indication he was involved with cocaine base, the only substance affected by this portion of the First Step Act.

The First Step Act amended penalties for cocaine base only. Because Defendant was not convicted of a cocaine base offense, he is not eligible for relief. For reasons set forth above, Defendant's Motion for Relief Under First Step Act (ECF No. 155) is denied.

Defendant's motion to Amend/Correct his sentence under Rule 52(b) (ECF No. 162) is also denied. Defendant argues his guideline range as calculated at sentencing was incorrect, because he was sentenced as a Level 36, criminal history category I (guideline range of 188-235 months), but should have been sentenced as a Level 35, criminal history category I, within a guideline range of 168-210 months. *Id.* at 2. The PSR reflects a total offense level of 35 and a criminal history category II, for a guideline range of 188-235 months. ECF No. 156-1. Thus, Defendant's argument regarding the total offense level is misplaced: it was not the difference in the total offense level from 35 to 36, but the criminal history category from I to II, that resulted in the guideline range of 188-235 months in his case. The Statement of Reasons ("SOR") reflects the correct total offense level of 35 and the correct guideline range of 188-235 months. However, there is a typographical error in the criminal history category portion of the SOR. Instead of criminal history category II, as calculated in the PSR, the SOR reflects a criminal history category of I. The Clerk is therefore directed to file an Amended SOR correcting the criminal history category to II, as calculated in the PSR.[2]

**IT IS SO ORDERED**.

                                                s/Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                Senior United States District Judge

Columbia, South Carolina
July 10, 2019

---

[2] At sentencing, there was no objection by Defendant to the criminal history category of II as reflected in the PSR.